UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENARD CHOICE,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.
_____/

Case No. 15-cv-13231

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

**I. INTRODUCTION**

Petitioner has initiated this action by filing a document entitled "Brief in Support of Motion to Stay Proceedings and Hold Petition in Abeyance." The Court construes Petitioner's *pro se* filing as an attempt to file a habeas petition under 28 U.S.C. § 2254 and a motion to hold the petition in abeyance while he exhausts his claims in the state courts.

Petitioner is serving a sentence of imprisonment in a Michigan correctional facility for his Saginaw Circuit Court convictions of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The petition claims that: 1) his rights under the Fourth Amendment were violated due to an illegal search and seizure, 2) the prosecutor committed misconduct at trial, 3) Petitioner was sentenced based on false information, and 3) Petitioner's appellate counsel was ineffective for failing to raise these claims on direct appeal. The Court will summarily dismiss this petition without prejudice

because Petitioner admits he has failed to exhaust his habeas claims and he has ample time to meet the exhaustion requirement without the need for a stay.

## II. BACKGROUND

Petitioner was convicted of the above listed offenses after a jury trial in the Saginaw Circuit Court. Following his conviction he filed an appeal of right. His appellate counsel filed a brief on appeal asserting: 1) the prosecutor committed misconduct by arguing that a prior inconsistent statement could be used as substantive evidence of guilt, and 2) that Petitioner was denied the right to present a defense and confront witnesses when the trial court limited his cross examination of a prosecution witness. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Choice*, 2014 WL 1383557 (April 8, 2014). Petitioner appealed this decision to the Michigan Supreme Court, but his application for leave to appeal was denied by standard order. *People v. Choice*, 497 Mich. 904 (Nov. 25, 2014).[1]

## III. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must promptly determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

---

[1] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon those claims. *Id.*; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also Allen*, 424 F.2d 134, 138-39 (6th Cir. 1970). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### IV. DISCUSSION

**A. Exhaustion of State Court Remedies**

Petitioner admits in his petition that he has not exhausted his state court remedies with respect to any of his claims. *See* Dkt. No. 1 at 1. Petitioner contends that he may still file a motion for relief from judgment in the trial court under Michigan Court Rule 6.501. If he does not obtain relief in the trial court, he may appeal the decision through the state appellate courts. *See* MCR 6.509.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, and the Michigan Supreme Court denied his application for leave to appeal on November 25, 2014. Petitioner did not petition for *certiorari* to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 23, 2015. Accordingly, when Petitioner filed the instant action, less than seven months had elapsed on the limitations period.

Because Petitioner still has nearly five months on the limitations period, and because the statute of limitations will not run during the time his state post-conviction proceeding is pending under 28 U.S.C. § 2244(d)(2), he is not in need of a stay. In fact, if a stay were granted, Petitioner would likely only be given 30 days to file his motion for relief from judgment and another 30 days to return to federal court after exhausting his claims. *See Palmer v. Carlton*, 276

2:15-cv-13231-GAD-PTM   Doc # 4   Filed 09/29/15   Pg 5 of 6   Pg ID 18


F. 3d 777, 781 (6th Cir. 2002). In other words, the nearly five months he has remaining on the period of limitations provides him more time to exhaust his claims than the grant of a stay would.

### B. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484-85.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal *in forma pauperis* because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED**, that the petition for a writ of *habeas corpus* is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal *in forma pauperis* are **DENIED**.

IT IS SO ORDERED.

Dated: September 29, 2015 /s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge